UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:                                    CASE NO.: 18-10143-KKS
                                          CHAPTER 13

DAVID BRIAN MULLINIX

KAY MICHELE MULLINIX

_____Debtor(s)_____/

# CHAPTER 13 TRUSTEE'S MEMORANDUM OF LAW REGARDING DISMISSAL WITH PREJUDICE BASED ON THE PLEADINGS

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and files this Memorandum of Law Regarding Dismissal with Prejudice Based on the Pleadings, and states:

This is the third case filed by the Debtor(s).

The Debtor(s) filed a petition in bankruptcy on February 1, 2017, bearing case number 17-10028-KKS ("Mullinix I"). Mullinix I was dismissed on November 2, 2017.

The Debtor(s) filed a petition in bankruptcy on February 20, 2018, bearing case number 18-10034-KKS ("Mullinix II"). Mullinix II was dismissed on April 17, 2018.

The Debtor(s) filed a petition in bankruptcy on May 31, 2018, bearing case number 18-100143-KKS ("Mullinix III").

All three cases were filed for the stated purpose of avoiding a foreclosure sale.

In both of the cases filed <u>pro se</u> (Mullinix II and Mullinix III), the Debtor(s) filed "Motion for Extension of Time to Correct Deficiencies" (Doc. 17 and Doc. 16 respectively). Both motions stated, in part:

"The debtor(s) filed this case in an emergency basis to avoid a foreclosure sale.

The debtor(s) are in the process of obtaining Legal Counsel for further representation."

In the first case (Mullinix I), the Debtor(s) was represented by counsel. Counsel filed a "Motion for extension of time to correct deficiencies" (Case No. 17-10028, Doc. 11), stating that "The Debtors filed this case in an emergency basis to avoid a foreclosure sale."

In both Mullinix II and Mullinix III, the Debtor(s) failed to file Schedules.

In both Mullinix II and Mullinix III, the Debtor(s) failed to file a Chapter 13 Plan.

In both Mullinix II and Mullinix III, the Debtor(s) failed to attend the scheduled Section 341 meeting.

In the second case (Mullinix II), the Debtor(s) made one payment to the trustee.

In the current case, the Debtor(s) made no payments in the current case until after three payments were already due.

Although no schedules were filed in the two most recent cases, a review of the pleadings in Mullinix I shows:

The Debtor(s) have general unsecured debt of less than $10,000.00 (Mullinix I, Doc. 24, page 22).

The Debtor(s) claimed to have gross monthly income of $6,800.00 (Mullinix I, Doc. 24, page 26). The filed Schedule I does state that they had anticipated a change in income for the Debtor, Kay Michele Mullinix, to increase to $2,000.00 per month, versus the $300.00 per month listed on Schedule I. Further, the pleading states that the Debtor, David Braun Mullinix, will make $6,800.00, instead of the current $6,500.00. The total anticipated income pursuant to Doc. 24 in Mullinix I would then be $8,800.00 per month.

The testimony of the Debtor(s) in the current case revealed that their income is probably much less than the anticipated income claimed in Mullinix I. However, for purposes the current question presented (i.e., whether the pleadings in this case warrant a finding of willful failure to obey court orders), and in order to give the

Debtor(s) every benefit of doubt, even when looking at the best case scenario, the Debtor(s) have no ability to fund a plan and cannot be said to be proceeding in good faith.

The filed claim of creditors Luis & Tania Garcia ($380,941.99) is based on a final judgment of foreclosure of the Debtor(s)' homestead. As such a claim, it must be paid in full during the plan period. In order for this secured claim to be paid in full, with interest, during a 60 month plan, the plan base would need to be $488,046.00, inclusive of the trustee's statutory commission. This is equal to 60 payments of $8,134.10. However, the Debtor(s) has only paid a total of $9,300.00 in the first four months of the current case. The balance of $478,746.00 would need to be paid during the remaining 56 months of any proposed 60 month plan. This requires monthly payments of $8,549.04. Even if the Debtor(s) could actually earn $8,800.00 per month, a Plan payment of $8,549.04 would leave the Debtor(s) with a monthly amount of $250.96, without any provision for payment of income taxes. There is no way that any reasonable person can conclude that these Debtor(s) can fund such a plan.

See e.g., In re Fazzary, 530 B.R. 903 at 907 (Bankr. M.D. Fl. 2015) ("The circumstances of this case establish that the Debtor did not file his Chapter 13 case for the proper purpose of retaining the Property that secures the Bank's claim, in

part because the Debtor failed to show any financial ability to pay the mortgage debt.")

The Debtor(s)' failure to comply with the Court's orders and the requirements of the Bankruptcy Code and rules in this case mirror many of the same failures as seen in Mullinix I and Mullinix II. From these facts, as garnered from the pleadings, the finding of willful violations of the Court's orders is readily evident.

In Mullinix II, this Court gave the Debtor(s) until March 26, 2018 to file documents and cure deficiencies (Order, Doc. 19). On April 17, 2018, this Court entered an Order Dismissing that case and stating, in part,

> "To date, the Debtors have failed to file their required documents or take any additional steps to cure the remaining deficiencies. For this reason, it is ordered:   This case is dismissed"

In the case presently before the Court (Mullinix III), the Debtor(s) still have not filed necessary documents and cured deficiencies, even after filing a Motion to Extend Time to correct the same.

This Court entered its customary and usual Order Establishing Duties of the Debtor and Chapter 13 Trustee, Adequate Protection of Secured Claims, Allowance of Administrative Expenses, and Confirmation Procedures (Doc. 6) ("Duties Order ").

Paragraph 1 of the Duties Order requires the Debtor(s) to attend the meeting of creditors (section 341 meeting). Debtor(s) failed to appear.

Paragraph 5(a)(i) of the Duties Order requires the Debtor(s) to file and serve a plan no later than fourteen (14) days from the date of the filing of the petition.

The Debtor(s) failed to do this.

Paragraph 5(a)(ii) of the Duties Order requires the Debtor(s) to file notice of adequate protection payments.

The Debtor(s) failed to do this.

Paragraph 5(b) of the Duties Order requires the Debtor(s) to begin making payments to the Trustee within 30 days of the petition date.

This was not done. Thirty days from the petition date was on or about June 30, 2018. The Debtor(s)' first payment was received by the Trustee on September 6, 2018. The Trustee received three (3) cashier's checks in the total amount of $6,000.00 at that time.

Paragraph 13 of the Duties Order requires Debtor(s) engaged in business to file monthly operating reports.

The Debtor(s) failed to do this.

In addition to the Court's Duties Order, the Bankruptcy Code requires the Debtor(s) to do many of the things required under the Duties order. For example:

11 U.S.C. Section 541 (Debtor's Duties) requires that the Debtor(s) file schedules, statement of financial affairs, and statement of income and expenses.

11 U.S.C. Section 343 states that the Debtor(s) shall appear at the Section 341 meeting.

11 U.S.C. Section 1321 states (in full), "The Debtor(s) shall file a plan."

11 U.S.C. Section 1326 requires payments to begin within 30 days of the filing of the petition.

The Debtor(s) failed to do the above required items in a timely manner.

"Ultimately, the appropriateness of a post-dismissal injunction comes down to the severity of the conduct at issue." In re Sullivan, 2011 WL 6148709 (Bankr. S.D.Ala. 2011). *See also*, Wenegiene v. Macco, 580 B.R. 17, 23 – 24 (Bankr. E.D.N.Y. 2018). ("Whether to dismiss a case with prejudice is committed to the sound discretion of the court.")

The Debtor(s) have been in bankruptcy almost continuously since February 1, 2017. They are no closer to resolving their debts, primarily with one creditor, than they were when they first filed a petition more than nineteen (19) months ago. This is not a complicated case and the long delay is highly prejudicial to the secured creditor. The integrity of the bankruptcy system warrants dismissal with prejudice.

The Debtor(s) failed to provide a copy of the 2017 United States Income Tax Return, or valid extension, and any applicable refund, to the Chapter 13 Trustee.

The Debtor(s) failed to file a Chapter 13 Plan and Schedules with the United States Bankruptcy Court. The Debtor(s) were advised by the Court that they needed to file their Chapter 13 Plan and Schedules before we returned to Court on September 6, 2018.

The Order Establishing Duties of the Debtor and Chapter 13 Trustee, Adequate Protection of Secured Claims, Allowance of Administrative Expenses, and Confirmation Procedures (Doc. 6) states in paragraph 5(a), that:

The Debtor shall file and serve a plan that conforms to the Court's form plan no later than fourteen (14) days from the date of filing of the Chapter 13 petition; and file Notice(s) of Adequate Protection Payments in accordance with this Court's Chapter 13 Standing Order and serve a copy on the Trustee and each affected creditor.

The Debtor(s) is delinquent in payments to the Chapter 13 Trustee. The Debtor(s) has submitted a total of $6,000.00 to the Chapter 13 Trustee on September 6, 2018. By statue, the first payment was due on or about June 30, 2018, and was advised in Court on August 2, 2018, that he needed to send payments. The Debtor(s) was directed to pay $3,256.00 by September 14, 2018,

and the Trustee received the payment of $3,300.00 on September 17, 2018. As shown above, these payments are not sufficient to pay the secured creditor in full.

The court has the authority to dismiss this case with prejudice. Further, the Court may find the Debtor(s) failure to prosecute the case is an abuse of the bankruptcy process from the Debtor(s) actions and inactions. As the United States District Court for the Northern District of Florida stated:

> Finally, Appellant's failure to make any payments to the Trustee or to attend the creditors meeting shows his lack of good faith. Not only did Appellant propose an insufficient plan and fail to cure those insufficiencies, but Appellant also refused to fulfill the obligations of his plan. Every time Appellant has filed bankruptcy in the past two years, his case has been dismissed for his failure to make payments on his proposed plan. Appellant's failure to even attempt to fulfill the obligations of his proposed plan point to a lack of good faith on his proposal of that plan.

See In re Binitie, 2012 WL 858587 (N.D. Fla. 2012).

Although neither the creditor nor the Trustee have asked for such sanction, it is also clear that the Court may place a bar which exceeds the 180 day bar in Section 109(g). As the Court stated in the case of In re: Jones, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003).

> Because of the Debtor's pattern of conduct, repeated instances of bad faith and lack of meaningful participation in the prosecution of any of her five cases, the Court has determined that further measures are required to protect creditors and preserve the integrity of the Bankruptcy court. For this reason, the Debtor is enjoined from filing bankruptcy petition anywhere in the United States for a period of five years from the date of this order.

*See also* <u>In re: Bucco</u>, 205 B.R. 323, 324 (Bankr. M.D. Fla. 1996) where the court found that "The serial filing of bankruptcy cases by the Debtor and his spouse for the purpose of forestalling a foreclosure action should be dismissed for lack of good faith... The serial filings are an abuse of the provision, purpose, and spirit of Chapter 13".

*See* <u>In re: Neiman</u>, 257 B.R. 105, 110 (Bankr. S.D. Fla. 2001) where the Court stated: "It is however incumbent upon the Court to preserve the integrity of its process. To that end the Court exercises its discretion pursuant to 11 U.S.C. § 105 to grant the Debtor's Motion to Dismiss with Prejudice to the Debtor filing another bankruptcy petition in any jurisdiction for two years."

This same result was reached in <u>In re: Graffy</u>, 216 B.R. 888, 891 (Bankr. M.D. Fla 1998). "Nevertheless, the law is abundantly clear a bankruptcy court may impose conditions upon such dismissal, especially where substantial evidence exists that the debtor did not file the petition in good faith."

The Debtor(s) failed to appear at the Section 341 Meeting of Creditors held on July 3, 2018. (The Debtor(s) also failed to attend the Section 341 meeting in Mullinix II). The explanation given in court was that they may not have received their mail; however, the Debtor(s) must have been receiving the notices of hearings since they have attended court hearings.

No Plan has been filed by the Debtor(s). Therefore, there is no need to address the issue of whether a plan under <u>Kitchens</u> has been filed in good faith. (<u>In re Kitchens</u>, 702 F.2d 885 (11th Cir. 1983).

**WHEREFORE**, the Chapter 13 Trustee, files this Memorandum of Law Regarding Dismissal with Prejudice Based on the Pleadings.

**RESPECTFULLY SUBMITTED.**

/s/Leigh D. Hart or
/s/<u>William J. Miller, Jr.</u>
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to:

DAVID BRIAN MULLINIX, PRO SE
14004 NE STATE RD 26
GAINESVILLE, FL 32641

KAY MICHELE MULLINIX, PRO SE
14004 NE STATE RD 26
GAINESVILLE, FL 32641

LUIS E. AND TANIA GARCIA
C/O LISA C. COHEN
4010 NEWBERRY ROAD, SUITE G
GAINESVILLE, FLORIDA  32607

on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
OFFICE OF CHAPTER 13 TRUSTEE

September 20, 2018