UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
www.flnb.uscourts.gov

IN RE:  DAVID B. MULLINIX                                    Case No.: 18-10143-KKS
        KAY M. MULLINIX,

            Debtors.                                          Chapter 13
_____/

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS WITH PREJUDICE (DOC. 23)

COME NOW Luis E. Garcia and Tania Garcia (the "Garcias" and the "Movants"), pursuant to the direction of this Court on September 5, 2018, and submit this Memorandum of Law in Support of their Amended Motion to Dismiss with Prejudice (Doc. 23) and would respectfully show the Court as follows:

### Facts and Procedural History

1. On February 1, 2017, David B. Mullinix and Kay M. Mullinix, aka K. Michele Mullinix, (the "Debtors") filed a voluntary petition for relief under Chapter 13, Title 11, U.S.C.  The case (hereinafter the "First Case") was assigned case number 17-10028-KKS.

2. The Debtors failed to confirm a plan prior to this Court's dismissal of the First Case on November 2, 2017 (Doc. 69).

3. On February 20, 2018, the Debtors filed a second voluntary petition for relief under Chapter 13, Title 11, U.S.C.  The case (hereinafter the "Second Case") was assigned case number 18-10034-KKS.

4. In the Second Case, the Debtors filed a Motion for Extension of Time to Correct Deficiencies (Doc. 17) on March 6, 2018.  In this motion, the Debtors recited that they were in the process of obtaining counsel and asked for a 14 day extension to file the required documents *from the time that the Debtors obtained representation*.  The Court

entered an *Order Granting, in part, and Denying, in part, Debtors' Motion for Extension of Time to Correct Deficiencies* (the "Order," Doc. 19). The Order gave the Debtors until March 26, 2018 to file any necessary documents and cure the remaining deficiencies. When the Debtors failed to abide by the terms of the Order, on April 17, 2018 the Court entered an *Order Dismissing Case* (Doc. 26) stating "To date, the Debtors have failed to file their required documents *or take any additional steps* to cure the remaining deficiencies." (emphasis added).

5. On May 31, 2018, the Debtors filed the instant case (the "Third Case"). On June 1, 2018, the Court entered its standard *Order Establishing Duties of the Debtor and Chapter 13 Trustee, Adequate Protection of Secured Claims, Allowance of Administrative Expenses, and Confirmation Procedures and Extending Time for the Trustee to Object to the Debtor(s)' Claim of Exemptions* (Doc. 6). Paragraph one of the Order requires the Debtors to attend a meeting of creditors. Paragraph 5 of the Order requires the Debtors to: (a)(i) file and serve a plan within 14 days from the date of the petition; (a)(ii) file Notice of Adequate Protection; (b) commence making payments to the Trustee within 30 days after the date of the petition. Paragraph 13 of the Order requires debtors who operate a business to file monthly business reports.

6. On June 14, the Debtors filed a Motion for Extension of Time to Correct Deficiencies (Doc. 16). The motion is almost identical to the motion filed by the Debtors in the Second Case. The Debtors again ask for a 14 day extension *from the time that the Debtors obtain representation* to file the required documents.

7. On July 8, the Garcias filed an Amended Motion to Dismiss with Prejudice (the "Motion," Doc. 23) asking that the Debtors be barred from filing another petition under any chapter of Title 11 for 180 days from the date of dismissal. On August 2, 2018 the Court conducted a preliminary hearing on the Motion and scheduled a final

2

evidentiary hearing for September 5, 2018.  At the final hearing, Mr. Mullinix testified that he had been unable to retain counsel to represent he and his wife.  He stated that, in part due to illness, he did not understand how to file schedules or a plan.

8. Mr. Mullinix testified that he was boarding seven horses on his property at a rate of $600.00 per month, for monthly gross income of $4,200.00.  He said that he incurred costs of approximately $1,500.00 a month, for a net of $2,700.00.  He also testified that he had started an internet business that would generate additional income.  Mrs. Mullinix testified that she worked at Sam's Club and had net monthly income of approximately $1,100.00.  No documentation of any of this income was provided at the hearing.  Mr. Mullinix said he had mailed $6,000.00 to the Chapter 13 Trustee two days before the hearing.  The Trustee received those payments on September 6.  The Trustee received an additional $3,300.00 on September 17[1] for total funds on hand of $9,300.00.

9. As of this date, more than three and a half months after filing the petition, the Debtors have failed to comply with the terms of the Court's June 1 Order.  They have failed to file *any* schedules, a statement of financial affairs, or a plan.  They have not filed a Statement of Current Monthly Income nor provided any prepetition paystubs for Mrs. Mullinix.

10. Movants hold a mortgage secured by real property (the "Property") on the Debtors' principal residence. Movants filed proof of claim no. 5 which was introduced into evidence at the hearing.  Attached to the claim is a copy of a Consent Final Judgment of Foreclosure entered on October 24, 2016, in the amount of $360,179.78.  The claim shows that the regular monthly mortgage payment is $1,581.49 and that the total prepetition arrearage is $81,730.95.  In order to comply with the terms of 11 U.S.C.

---

[1] The Chapter 13 Trustee filed a Memorandum of Law Regarding Dismissal with Prejudice (Doc. 38) and at page 9 stated that the $3,300.00 was received on September 17.

§1322(b)(5) the Debtors must provide Movants the $1,581.49 monthly payment, plus $1,362.18 to cure the arrearage of $81,730.95, for a total of $2,943.67. When the trustee's commission is added to this, the monthly plan payment must be at least $3,270.74. As of August 30, three payments would have come due totaling $9,812.22. As of this date, the Debtors would be in arrears by at least $512.22. Another $3,270.74 will be due within seven days. This is assuming that the Debtors have no other debt to be paid in a plan. Significantly, the contract payment to the Garcias of $1,581.49 does not include taxes or insurance. The plan filed by the Debtors in the First Case (Doc. 36) indicated that the Debtors owed State Farm Bank an estimated amount of $14,000.00 on an auto loan for monthly payments of $431.11.

11. On September 20, 2018, the Debtors filed a Memo to the Court in Reference to Willful Filing (Doc. 39). The Debtors claim that they "have a meeting with an Attorney that may take our case on Monday, September 24, 2018."

## **Memorandum of Law**

11 U.S.C. §109(g)(1)

At the conclusion of the evidentiary hearing, the Court asked the parties to brief the issue as to whether the Debtors had willfully failed to abide by orders of the court. 11 U.S.C. §109(g)(1) provides that:

> [N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

The facts of this case demonstrate that the Debtors willfully failed to abide by the Court's Order entered on June 1, Doc. 6. The Debtors have not filed their schedules,

4

statement of financial affairs, chapter 13 plan, business reports, statement of current monthly income and other required documents. The Debtors claim that their failure to do this is because they could not retain counsel. As there is of course no way to prove this statement, the circumstances must be examined. The Debtors have paid $9,300.00 to the Court and testified that they have been earning more than $3,800.00 per month during the past several months. With this access to funds, it seems improbable that the Debtors could not have found an attorney to assist them in this case for the last three and a half months and that only now, at the eleventh hour, have they scheduled an appointment with an attorney who "may" take their case. The access to these funds also demonstrates that the Debtors could have made some payment to the Trustee within thirty days of the filing of the petition. The only explanation is that they willfully chose not to do so.

The Debtors' statement that they are unable to file any of the required documents on their own also seems unlikely. The Debtors presumably have copies of the schedules, plan and other documents filed in the First Case by their attorney. When necessary, the Debtors were able to file two voluntary petitions on their own and also two motions to extend time.

The Debtors state in their Memo to the Court that due to his illness and the medication to treat it, Mr. Mullinix suffers from "confusion, hallucinations, delusions, . . . forgetfulness, . . ." If these complications are such that the Debtors could not follow this Court's order, the possibility of operating the businesses they described and of completing a plan seems impossible.

<u>11 U.S.C. §105</u>

Although §109(g)(1) gives specific standards to determine jurisdiction as to a debtor who has filed a prior case within 180 days, the Court is not limited to this provision in preventing abusive filings. As discussed by the Chapter 13 Trustee in her Memorandum of Law Regarding Dismissal with Prejudice Based on the Pleadings (Doc. 38), many courts have held that 11 U.S.C. §105(a) gives a bankruptcy court the authority to dismiss a case with prejudice where the debtor has been involved in multiple or abusive filings. Section 105(a) provides that:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or *to prevent an abuse of process*. (emphasis added).

In the case of *In re Brown*, 2017 WL 3493101 (Bankr. N.D. Fla. April 19, 2017) this Court found that 11 U.S.C. 105(a) provided the court with jurisdiction over the debtor's mother, who was not a debtor in a pending bankruptcy case, to restrict further filings by the mother. This Court stated that:

> Having determined that the filing of this Chapter 13 case was part of an abusive scheme, it is entirely appropriate to utilize the power granted to this Court by Section 105 of the bankruptcy code to prevent a further abuse by the party who master-minded the scheme. *Id.* at Doc. 80, page 29.

In the case of *In re Catherine Delice*, case no. 6:12-bk-05061-ABB (Bankr. M.D. Fla. June 5, 2012) the debtor had filed her third bankruptcy case within one year and her fourth since the mortgage holder on her home had instituted foreclosure proceedings. The court noted that each case had been filed on the eve of a scheduled foreclosure sale. The trustee supported dismissal of the case and the imposition of a filing injunction. In its order, the court held that:

6

> The Debtor has engaged in serial bankruptcy filings to thwart Ocwen's foreclosure action. She did not file the pending case in good faith and a filing injunction is due to be imposed pursuant to 11 U.S.C. Section 105. *Id*. at pg. 2.

The court ordered that the debtor and any entity that may assert an interest in the property described was prohibited from filing a petition in bankruptcy for a period of two years. *Id*.

A similar ruling was entered in the case of *In re Regine T. St. Hilaire*, case no. 6:12-bk-03266-ABB (Bankr. M.D. Fla. May 2, 2012) in which the debtor had filed her third individual case in a six month period. The first two cases filed by the debtor had been dismissed for the Debtor's failure to file documents. The court found that the debtor had engaged in serial filings to thwart a creditor's foreclosure action, that her third case was not filed in good faith, and that a filing injunction for a period of two years was appropriate. *Id*. at pgs. 2–3.

## **Conclusion**

The Debtors have failed to file any documents in both this case and the Second Case. This failure constitutes a willful failure as that phrase is used in 11 U.S.C. §109(g)(1). There is no reasonable explanation as to why the Debtors *could not* file *any* of the required documents within the last three and a half months. All three of the cases filed by the Debtors were filed to delay Movants' foreclosure sale of their property. Movants filed their foreclosure case in 2015 and the arrearage as of the date of the filing of the instant case was $81,730.95. This case is due to be dismissed with a bar to re-

filing any petition under title 11 within 180 days from the date of dismissal.

> RUFF & COHEN, P. A.
> 4010 Newberry Road, Suite G
> Gainesville, Florida  32607
> Telephone No.: (352) 376-3601
> Facsimile No.: (352) 378-1261
> Attorneys for Luis E. Garcia and Tania Garcia
>
> By: /s/ Lisa C. Cohen
>     Lisa C. Cohen
>     FL Bar #558291
>     Lisacohen@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail via CM/ECF to Leigh D. Hart at: ldhecf@earthlink.net; and to the Office of the U.S. Trustee at: USTPRegion21.TL.ECF@usdoj.gov on this 24th day of September, 2018 and by U.S. Mail, postage prepaid to the Debtors, David B. Mullinix and Kay M. Mullinix, 14004 NE SR 26, Gainesville, FL 32641 on the 24th day of September, 2018.

> /s/ Lisa C. Cohen
> Lisa C. Cohen